UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ************************************ | * CIVIL ACTION NO: |
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | * * * * |
| Plaintiff | * COMPLAINT * |
| vs. | * RE: 42 Rodmar Road, Minot, ME 04258 * |
| Marc R. Berube and Donna G. Berube | * Mortgage: * August 25, 2008; * Book 7526, Page 33. |
| Defendants | * |
| JAND, Inc., d/b/a Servpro of Lewiston-Auburn<br>St. Marys Regional Medical Center<br>Maine Revenue Services | * * * * |
| Parties-in-Interest | * |
| ************************************ | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendants, Marc R. Berube and Donna G. Berube, as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants is the obligor and the total amount owed under the terms of the Note two hundred forty-three thousand, six hundred fifty-four and 5/100 ($243,654.05) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

## PARTIES

1. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation located at 13801 Wireless Way, Oklahoma City, OK 73134.

2. The Defendant, Marc R. Berube, is a resident of Minot, County of Androscoggin, and State of Maine.

3. The Defendant, Donna G. Berube, is a resident of Minot, County of Androscoggin, and State of Maine.

4. The Party-in-Interest, JAND, Inc., d/b/a Servpro of Lewiston-Auburn, is located at 546 Poland Road, Auburn, ME 04210.

5. The Party-in-Interest, St. Mary's Regional Medical Center, is located at 93 Campus Avenue, Lewiston, ME 04240.

6. The Party-in-Interest, Maine Revenue Services, is located at 111 Sewell Street, 6th Floor, Augusta, ME 04333.

FACTS

7. On October 8, 2002, by virtue of a Warranty Deed from Marc R. Berube, which is recorded in the Androscoggin County Registry of Deeds in **Book 5149, Page 54,** the property situated at 42 Rodmar Road, Minot, County of Androscoggin, and State of Maine, was conveyed to the Defendants, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On August 25, 2008, the Defendants executed and delivered to Countrywide Bank, FSB, a certain Note in the amount of one hundred sixty-three thousand, eight hundred and 00/100 ($163,800.00) dollars (herein after referred to as the "Note"). *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on August 25, 2008, the Defendants executed a Mortgage Deed in favor of Countrywide Bank, FSB, securing the property located at 42 Rodmar Road, Minot, ME 04258**,** which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7526, Page 33** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to Countrywide Bank, FSB  the by virtue of an Assignment of Mortgage dated February 18, 2010, and recorded in the Androscoggin County Registry of Deeds in **Book 7892, Page 123.** *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP the by virtue of an Assignment of Mortgage dated October 4, 2011, and recorded in the Androscoggin County Registry of Deeds in **Book 8261, Page 260.** *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust the by virtue of an Assignment of Mortgage/Deed of Trust dated July 30, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9215, Page 13.** *See* Exhibit F (a true and correct copy of the Assignment of Mortgage/Deed of Trust is attached hereto and incorporated herein).

13. On March 1, 2016, the Defendants were sent a Notice of Mortgagor's Right to Cure, which was returned unclaimed on or about March 9, 2019 (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendants failed to cure the default prior to the expiration of the Demand Letter.

16. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the present holder of the Note pursuant to possession of the note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the lawful holder and owner of the Note and Mortgage.

18. The total debt owned under the Note and Mortgage as of July 8, 2016, if no payments are made, is two hundred forty-three thousand, six hundred fifty-four and 05/100 ($243,654.05) dollars, which includes: unpaid principal in the amount of one hundred fifty-four thousand, one hundred ninety-seven and 22/100 ($154,197.22) dollars; interest due in the amount of sixty-four thousand, seven hundred nineteen and 23/100 ($64,719.23) dollars; escrow/impound required in the amount of eighteen thousand, one hundred seventy and ($18,170.77) dollars; late charges due in the amount of four hundred seventeen and 96/100 ($417.96) dollars; and total advances in the amount of six thousand, one hundred forty-eight and 87/100 ($6,148.87) dollars.

19. Upon information and belief, the Defendants are presently in possession of the subject property originally secured by the Mortgage.

20. On or about August 29, 2014, the Defendant, Marc R. Berube, filed a Chapter 13 Bankruptcy which resulted in relief from the automatic stay pursuant to an Order dated December 15, 2015. Accordingly, Marc R. Berube's liability is subject to, and limited by his Bankruptcy Docker No.: 14-20704.

## COUNT I – FORECLOSURE

21. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related mortgage and title located at 42 Rodmar Road, Minot, County of Androscoggin, and State of Maine. *See* Exhibit A.

23. The Plaintiff is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

24. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendants, Marc R. Berube and Donna G. Berube, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2009, and all subsequent payments, and therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owned under the Note and Mortgage as of July 8, 2016, is two hundred forty-three thousand, six hundred fifty-four and 05/100 ($243,654.05) dollars, which includes: unpaid principal in the amount of one hundred fifty-four thousand, one hundred ninety-seven and 22/100 ($154,197.22) dollars; interest due in the amount of sixty-four thousand, seven hundred nineteen and 23/100 ($64,719.23) dollars; escrow/impound required in the amount of eighteen thousand, one hundred seventy and ($18,170.77) dollars; late charges due in the amount of four hundred seventeen and 96/100 ($417.96) dollars; and total advances in the amount of six thousand, one hundred forty-eight and 87/100 ($6,148.87) dollars.

27. JAND, Inc., d/b/a ServPro is a Party-in-Interest pursuant to a Mechanic's Lien in the amount of $250.00, dated February 18, 2010 and recorded in the Androscoggin County Registry of Deeds **Book 7884, Page 131**.

28. St. Mary's Regional Medical Center is a Party-in-Interest pursuant a Writ of Execution in the amount of $7,045.21, dated April 1, 2011 and recorded in the Androscoggin County Registry of Deeds **Book 8163, Page 86**.

29. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Tax Lien in the amount of $3,964.21, dated September 15, 2013 and recorded in the Androscoggin County Registry of Deeds **Book 8773, Page 266**.

30. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of the these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate which resulted in relief from the Automatic stay pursuant to an Order dated December 15, 2015.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on March 1, 2016, and returned undelivered on or about March 9, 2016. *See* Exhibit G.

33. The Defendants are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

34. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35. On August 25, 2008, the Defendants executed and delivered to Countrywide Bank, FSB, a certain Note in the amount of one hundred sixty-three thousand, eight hundred ($163,800.00) dollars. *See* Exhibit B.

36. Defendants, Marc R. Berube and Donna G. Berube, are in default under the terms of the Note for failure to properly tender the October 1, 2009, payment, and all subsequent payments. *See* Exhibit G.

37. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

38. The Defendants, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

39. Defendants, Marc R. Berube and Donna G. Berube's, breach is knowing, willful, and continuing.

40. Defendants, Marc R. Berube and Donna G. Berube, has caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owned under the Note and Mortgage as of July 8, 2016, is two hundred forty-three thousand, six hundred fifty-four and 0/100 ($243,654.05) dollars, which includes: unpaid principal in the amount of one hundred fifty-four thousand, one hundred ninety-seven and 22/100 ($154,197.22) dollars; interest due in the amount of sixty-four thousand, seven hundred nineteen and 23/100 ($64,719.23) dollars; escrow/impound required in the amount of eighteen thousand, one hundred seventy and ($18,170.77) dollars; late charges due in the amount of four hundred seventeen and 96/100 ($417.96) dollars; and total advances in the amount of six thousand, one hundred forty-eight and 87/100 ($6,148.87) dollars.

42. Injustice can only be avoided by awarding damages for the total amount owned under the note, including interest, plus costs and expenses, including attorney's fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, Defendants, Marc R. Berube and Donna G. Berube, entered into a written contract with Countrywide Bank, FSB, who agreed to loan the amount of one hundred sixty-three thousand, eight hundred ($163,800.00) dollars to the Defendants. *See* Exhibit B.

45. As part of this contract and transaction, the Defendants Marc R. Berube and Donna G. Berube executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Countrywide Bank, FSB, and has performed its obligations under the Note and Mortgage.

47. The Defendants Marc R. Berube and Donna G. Berube have breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2009, and all subsequent payments. *See* Exhibit G.

48. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

49. The Defendants, Marc R. Berube and Donna G. Berube, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

50. The Defendants, Marc R. Berube and Donna G. Berube, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of two hundred forty-three thousand, six hundred fifty-four and 0/100 ($243,654.05) dollars, for money lent by Plaintiff to the Defendants.

51. The Defendants, Marc R. Berube and Donna G. Berube's, breach is knowing, willful, and continuing.

52. The Defendants, Marc R. Berube and Donna G. Berube's, breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owned under the Note and Mortgage as of July 8, 2016, is two hundred forty-three thousand, six hundred fifty-four and 0/100 ($243,654.05) dollars, which includes: unpaid principal in the amount of one hundred fifty-four thousand, one hundred ninety-seven and 22/100 ($154,197.22) dollars; interest due in the amount of sixty-four thousand, seven hundred nineteen and 23/100 ($64,719.23) dollars; escrow/impound required in the amount of eighteen thousand, one hundred seventy and ($18,170.77) dollars; late charges due in the amount of four hundred seventeen and 96/100 ($417.96) dollars; and total advances in the amount of six thousand, one hundred forty-eight and 87/100 ($6,148.87) dollars.

54. Injustice can only be avoided by awarding damages for the total amount owned under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney's fees.

## COUNT IV – QUANTUM MERUIT

55. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 54 as if fully set forth herein.

56. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Marc R. Berube and Donna G. Berube, one hundred sixty-three thousand, eight hundred and 00/100 ($163,800.00) dollars. *See* Exhibit B.

57. The Defendants Marc R. Berube and Donna G. Berube are in default under the terms of the Note and Mortgage by failing to properly tender the October 1, 2009, payment, and all subsequent payments. *See* Exhibit G.

58. As a result of the Defendants' failure to perform under the Note and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

59. As such, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

60. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 59 as if fully set forth herein.

61. Countrywide Bank, FSB, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Marc R. Berube and Donna G. Berube, one hundred sixty-three thousand, eight hundred and 00/100 ($163,800.00) dollars. *See* Exhibit B.

62. The Defendants, Marc R. Berube and Donna G. Berube, have failed to repay the loan obligation under the terms of the Note and Mortgage.

63. As a result, the Defendants, Marc R. Berube and Donna G. Berube, have been unjustly enriched to the determined of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, as successor-in-interest to Countrywide Bank, FSB, by having received the aforesaid benefits and money and not repaying the said benefits and money.

64. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court, subject to the bankruptcy of Marc R. Berube at Docket No.: 14-20704,

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants are in breach of the Note by failing to make the payment due as of October 1, 2009, and all subsequent payments;

d) Find that the Defendants are in breach of the Mortgage by failing to make the payment due October 1, 2009, and all subsequent payments;

e) Find that Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that that Defendants are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2009, and all subsequent payments;

g) Find that Plaintiff is entitle to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants have been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff to restitution;

j)  Find that the Defendants are liable to the Plaintiff for money had and received;

k)  Find that the Defendants are liable to the Plaintiff for quantum meruit;

l)  Find that the Defendants have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n)  Find that the Plaintiff is entitle to restitution for this benefit from the Defendants;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees, and court costs;

p)  Additionally, issue a money judgment against the Defendants and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount two hundred forty-three thousand, six hundred fifty-four and 5/100 ($243,654.05) dollars, the total debt owned under the Note plus interest and costs, including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

        Respectfully Submitted,
        U.S. Bank Trust, N.A., as Trustee for LSF9 Master
        Participation Trust,
        By its attorneys,

Dated: August 4, 2016        /s/ John A. Doonan
        John A. Doonan, Esq. (BBO# 3250)
        Doonan, Graves & Longoria, LLC
        100 Cummings Center Suite 225D
        Beverly, MA 01915
        Tel. (978) 921-2670