UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MARC R. BERUBE and DONNA G. BERUBE, | ) ) ) ) |
| Defendants. | ) ) |
| JAND, INC., d/b/a/ SERVPRO OF LEWISTON-AUBURN, ST. MARY'S REGIONAL MEDICAL CENTER, MAINE REVENUE SERVICES | ) ) ) ) ) |
| Parties-In-Interest. | ) |

Docket no. 2:16-cv-00400-GZS

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM

Before the Court is Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust's Motion for Summary Judgment on Defendant Marc R. Berube's Counterclaim (ECF No. 25). For the reasons briefly explained herein, the Court GRANTS Plaintiff's Motion.[1]

---

[1] To the extent that both sides requested oral argument, those requests are hereby DENIED in an exercise of the Court's discretion and in accordance with Local Rule 7(f).

I.      **LEGAL STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

Once the moving party has made this preliminary showing, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co., Inc. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (internal quotation marks and punctuation omitted); see also Fed. R. Civ. P. 56(e). "Mere allegations, or conjecture unsupported in the record, are insufficient." Barros-Villahermosa v. United States, 642 F.3d 56, 58 (1st Cir. 2011) (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993)); see also Wilson v. Moulison N. Corp., 639 F.3d 1, 6 (1st Cir. 2011) ("A properly supported summary judgment motion cannot be defeated by conclusory allegations,

improbable inferences, periphrastic circumlocutions, or rank speculation."). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment for the moving party." In re Ralar Distribs., Inc., 4 F.3d 62, 67 (1st Cir. 1993).

## II. FACTUAL BACKGROUND

The following facts, taken from the summary judgment record before the Court, are undisputed.[2] On August 25, 2008, Marc and Donna Berube executed a Note and Mortgage in favor of Countrywide Bank, FSB. The Mortgage encumbered property in Minot, Maine (hereinafter, "the Property.") On August 29, 2014, Marc filed for Chapter 13 Bankruptcy, which triggered an automatic stay pursuant to 11 U.S.C. § 362(a). On October 23, 2015, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), a successor-in-interest to Countrywide Bank, filed a motion for relief from the automatic stay. On December 15, 2015, the Bankruptcy Court vacated the automatic stay "as to [U.S. Bank]'s interests in the Property to allow [U.S. Bank]'s enforcement of its rights in, and remedies in and to, including but not limited to foreclosure of the mortgage lien on the Property; negotiating a settlement or by entering into a loan workout with [Marc Berube]." (Ex. 3 to Pl.'s Statement of Material Facts (ECF No. 26-3), Page ID # 294.) The Bankruptcy Court further ordered "that [U.S. Bank] shall promptly report and turn over to the case trustee any surplus monies realized by any sale of the Property." (Id.)

---

[2] The Court notes that Defendant Marc Berube failed to submit an opposing statement of material facts admitting, denying, or qualifying U.S. Bank's statement of material facts as required by Local Rule 56(c). Although it is evident to the Court that the material facts are not disputed, the Court has deemed any facts not controverted by Berube to be admitted. See D. Me. Loc. R. 56(f).

On August 4, 2016, U.S. Bank filed a Complaint against Marc Berube, Donna Berube, and parties-in-interest JAND, Inc., d/b/a Servpro of Lewiston-Auburn, St. Mary's Regional Medical Center, and Maine Revenue Services, to foreclose on the Property. The Complaint alleged, inter alia, that the Berubes had defaulted on the Note and that the Property was subject to foreclosure. The Complaint specifically stated that Marc Berube's "liability is subject to, and limited by his Bankruptcy Docke[t] No.: 14-20704." (Compl. (ECF No. 1), Page ID # 5, ¶ 20.) In the Prayer for Relief, U.S. Bank requested "subject to the bankruptcy of Marc R. Berube at Docket No.: 14-20704" that the Court, in part, "issue a money judgment against the Defendants . . . in the amount of . . . ($243,654.05) dollars, the total debt ow[]ed under the Note plus interest and costs, including attorney's fees and costs." (Id., Page ID #s 12-13.)

On August 19, 2016, counsel for Marc Berube emailed counsel for U.S. Bank expressing displeasure with the fact that U.S. Bank had filed a foreclosure action in federal court and stating:

> The demands for a money judgment plus costs and fees . . . well, I am ccing the Trustee because the claims for violations of the automatic stay belong, in part, to the bankruptcy estate. I understand the ease in using form complaints. But that can get clients into trouble.

(Ex. 4 to Pl.'s Statement of Material Facts (ECF No. 26-4), Page ID # 297.) On August 24, 2016, counsel for U.S. Bank responded with an email stating, in part:

> It is not my intention to seek any sort of personal money damages against your client and I would refer you to Paragraph 20 of our complaint and the initial portion of the prayer for relief which both reference your client's bankruptcy. I am happy to make any reasonable changes to the complaint to make that clearer. . . . Thank you for your time and please let me know if there are specific changes you would like to see to make it clearer that there is no personal liability on the part of Marc Berube.

(Id., Page ID # 298.) On August 26, 2016, Marc Berube filed his Answer to U.S. Bank's Complaint, which included a Counterclaim alleging that U.S. Bank had violated the automatic stay. Notably, the Answer also admitted the allegation in paragraph 20 of the Complaint that Marc

4

Berube's "liability is subject to, and limited by his Bankruptcy Docke[t] No.: 14-20704." (Answer (ECF No. 8), Page ID # 123.) On October 26, 2016, U.S. Bank filed its Motion for Summary Judgment on Marc Berube's Counterclaim.

**III. DISCUSSION**

With exceptions not relevant to the matter at hand, the Bankruptcy Code provides that "an individual injured by a willful violation of [an automatic] stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).[3] "The standard for a willful violation . . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). U.S. Bank does not contest that it had knowledge of the automatic stay in Marc Berube's bankruptcy proceeding or that it intentionally filed the pending Complaint. However, it contends that the language in the Complaint regarding a money judgment does not constitute a violation of the stay or the modification provided by the Bankruptcy Court's December 15, 2015, Order.

Assuming without deciding that Marc Berube has standing to bring the Counterclaim for violation of the automatic stay,[4] the Court determines, reading U.S. Bank's Complaint in its

---

[3] This section was previously codified at 11 U.S.C. § 362(h). The only difference in the statutory language is not relevant to the matter before this Court.

[4] U.S. Bank argues that a claim for violation of the automatic stay had to have been brought by the Chapter 13 Bankruptcy Trustee rather than by Berube. However, courts in this Circuit have not so limited who can bring a claim for violation of an automatic bankruptcy stay. See, e.g., Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) (affirming decision of Bankruptcy Appellate Panel awarding damages for violation of an automatic stay on a claim brought by a Chapter 13 debtor). Further, the statute's plain language discusses an "individual" and several courts have called into question whether a Trustee can bring suit as an "individual" pursuant to 11 U.S.C. § 362(k)(1) or its predecessor. See, e.g., In re Pace, 67 F.3d 187, 193 (9th Cir. 1995) (agreeing with the proposition that "while a trustee can be an 'individual' [within the meaning of 11 U.S.C. § 362(h)] if the trustee is a natural person . . . the individual's status as a trustee precludes any finding that the trustee suffered any damages as an individual, because any harm suffered in the form of costs and attorney's fees is actually incurred by a thing, viz., the bankruptcy estate, and not by the trustee as a natural person"); see also In re Foley, No. 13-14529-JNF, 2016 WL 285749, at *10 (Bankr.

5

entirety, that there was no willful violation. Simply put, a reasonable factfinder could not conclude on the undisputed record that the Complaint asserts a claim for money damages against Marc Berube. The Complaint contains several statements that any relief sought would be subject to, and limited by, the bankruptcy proceeding. In particular, U.S. Bank asserted that Marc Berube's "liability is subject to, and limited by his Bankruptcy Docke[t] No.: 14-20704." (Compl. ¶ 20.) In answering the Complaint, Marc Berube admitted this particular assertion. See Pruco Life Ins. Co. v. Wilmington Tr. Co., 721 F.3d 1, 11 (1st Cir. 2013) (noting that an admission in an answer was binding on a defendant opposing summary judgment because "[a] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding" (internal quotation marks omitted)). Given this admitted assertion and the fact that the Complaint also named Donna Berube, who is not currently subject to the protection of the bankruptcy stay, any reasonable factfinder would conclude that the Complaint does not seek monetary damages as to Marc Berube despite the reference to "Defendants" in the prayer for relief.[5] This conclusion is supported by the correspondence between the parties. Even prior to the filing of the Counterclaim, Berube's counsel proffered his decontextualized reading of the Complaint to opposing counsel via email and received a response explicitly clarifying that U.S. Bank was not seeking money damages against Marc Berube and was willing to make any specific changes that Berube's counsel suggested "to make that clearer." (Ex. 4 to Pl.'s Statement of

---

D. Mass. Jan. 22, 2016) (noting that the First Circuit has not definitively opined on this issue but "predict[ing] that the [First Circuit] would follow the lead of the Ninth Circuit in Pace"). U.S. Bank's citation to In re Beaver St. P'Ship, 355 Fed. App'x 432 (1st Cir. 2009) is inapposite as that case involved a partnership's rights and remedies in bankruptcy. If anything, that decision supports Berube's ability as an individual to bring his counterclaim to the extent it notes that a "creditor must be able to allege an injury as a creditor from the violation of the automatic stay. Here, the plaintiffs can allege no injury to themselves; they simply allege an injury to the partnership estate." Id. at 439 n.9.

[5] Donna has since defaulted, but this Court has denied without prejudice U.S. Bank's motion to enter default judgment against her because it would be premature to do so at this stage of the litigation. (See ECF No. 34.)

Material Facts, Page ID # 298.) Given this record, Berube has not created a trialworthy issue that U.S. Bank willfully violated the stay as modified by the Bankruptcy Court's December 15, 2015, Order.

Further, even if the Court were to conclude that there is trialworthy evidence of a violation, it is far from clear that Berube has raised a trialworthy issue as to his actual damages resulting from the alleged violation. See In re Heghmann, 316 B.R. 395, 404-05 (B.A.P. 1st Cir. 2004) ("The burden is on the debtor to prove by a preponderance of the evidence that she suffered damages as a result of the stay violation.") He has, in fact, failed to present any evidence of damages in response to U.S. Bank's Motion. Left only to speculate as to what Berube's damages might be, the Court is skeptical that any significant award of attorney's fees would be appropriate given the failure on the part of Berube's counsel to respond to U.S. Bank's offer to amend its pleading.[6] See In re Clay, Bankruptcy No. 10-53848, 2011 WL 2312334, at *2 (Bankr. E.D. Ky. June 10, 2011) ("A substantial award of damages in the form of attorney fees and costs is not proper where a debtor makes no effort to resolve the matter before filing the complaint.").

Therefore, the Court concludes that Plaintiff U.S. Bank is entitled to judgment as a matter of law on Defendant Marc Berube's Counterclaim for a violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1).

---

[6] The Court notes that Berube's counsel could have alternatively invoked the procedures contained in Federal Rule of Civil Procedure 11(c)(2) if he believed that counsel for U.S. Bank had filed a complaint that violated the requirements of Rule 11(b)(2). Such a process would more clearly put opposing counsel on notice that Berube's counsel was demanding that the Complaint be corrected or amended. That said, the Court sees nothing on the record before it that would warrant the imposition of Rule 11 sanctions.

**IV. CONCLUSION**

The Court hereby GRANTS Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim (ECF No. 25).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 9th day of January, 2017.